[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

No. 04-15579
Non-Argument Calendar

_____

D. C. Docket No. 04-00024-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO ENRIQUEZ-VELASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 29, 2005)**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Guillermo Enriquez-Velasquez appeals his sentence of twenty-seven

months, imposed following his guilty plea for illegal re-entry, in violation of 8 U.S.C. § 1326(b)(2). On appeal, he challenges his sentence in light of United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 161 L.Ed.2d 621 (2005). Because Enriquez-Velasquez preserved this issue, we review the sentence de novo and we reverse only if the error was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

After a review of the record, we hold that there was no constitutional error in sentencing because enhancement based on prior convictions under U.S.S.G. § 2L1.2(b)(1)(B) do not implicate the Sixth Amendment. United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005).

The government correctly concedes, however, that there was a statutory error in the imposition of the sentencing guidelines as mandatory. It is the government's burden to show that this error was harmless, and the government admits that it cannot meet its burden in this case. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005). The record is devoid of any evidence that Enriquez-Velasquez's substantial rights were unaffected by the sentencing scheme.

Accordingly, we VACATE the sentence and grant the government's motion to REMAND for resentencing under an advisory guidelines scheme.